IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PLANET HOME LENDING, LLC et al.,

               Plaintiffs,

v.                                         CIVIL ACTION NO. 2:25-cv-303

SECRETARY OF DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,
ESTATE OF WILLIE JAMES BROWN, JR., and
YOLANDA MONIQUE BROWN,

               Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff Planet Home Lending, LLC's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2) against the Estate of Willie James Brown, Jr. and Yolanda Monique Brown. Nos. 19, 20. For the reasons set forth below, Planet Home Lending's Motion for Default Judgment is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The instant Complaint regards a real property in Suffolk, Virginia. ECF No. 1. On September 17, 2021, Willie James Brown, Jr. became the owner of the real property at issue. *Id.* ¶ 14. To purchase the property, he entered into a purchase-money mortgage loan with George Mason Mortgage, LLC.[1] *Id.* ¶ *18.* On February 16, 2022, Willie James Brown, Jr. died intestate. *Id.* ¶ 28. Yolanda Brown declared herself the sole heir of Willie James Brown, Jr. *Id.*

In October 2024, Yolanda Brown executed a Partial Claims Mortgage on the property with the Department of Housing and Urban Development ("HUD"). *Id.* ¶ 31. This modification reduced

---

[1] In February 2024, George Mason Mortgage, LLC assigned the Deed of Trust to Planet Home Lending, LLC. ECF No. 1, Ex. D.

the loan balance by transferring the remaining amount of the purchase-money mortgage loan with Planet Home Lending to a junior mortgage loan with HUD. *Id.*

On May 28, 2025, Plaintiff Planet Home Lending, LLC filed a Complaint for a Judicial Sale against Defendant. ECF No. 1. Plaintiff Planet Home Lending alleges Willie James Brown, Jr.'s purchase-money mortgage loan with Planet Home Lending is now in default for nonpayment. *Id.* Plaintiff Planet Home Lending asserts that a judicial sale is necessary because the Secretary of HUD also has a security interest in the real property. *Id.* Neither the Estate nor Brown have filed a responsive pleading to Plaintiffs' Complaint, and Plaintiffs have not heard from Brown or anyone on behalf of the Estate. A Default was entered against the Estate and Brown. ECF No. 18. On December 4, 2025, Plaintiff filed a Motion for Default Judgment. ECF No. 19. Defendant did not respond. Plaintiffs seek the entry of an Order authorizing a judicial sale of the real property owned by the Estate to satisfy the mortgage loan. *Id.*

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal,*

2

*Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although a defaulting party admits the factual allegations in the filings of the opposing party, a court must evaluate the sufficiency of the allegations to determine if the party moving for default judgment states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). *See also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must ... determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found, for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to a party where the party failed to state a valid claim).

## III. DISCUSSION

The Court may grant default judgment when a defendant fails to respond to a complaint for declaratory relief after being properly served. *Scottsdale Ins. Co. v. Bounds*, No. CIV. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012).

When determining whether to grant a motion for default judgment, courts may consider:

> [(1)] the amount of money potentially involved; [(2)] whether material issues of fact or issues of substantial public importance are at issue; [(3)] whether the default is largely technical; [(4)] whether plaintiff has been substantially prejudiced by the delay involved; [(5)] whether the grounds for default are clearly established or are in doubt; [(6)] how harsh an effect a default judgment might have; and [(7)] whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*White*, 618 F. Supp. 2d at 506 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, *Federal Practice & Procedure* § 2685 (3d ed. 1998)) (internal quotations omitted).

In the instant case, default judgment against the Estate of Willie Brown James, Jr. and Yolanda Brown ("Defaulting Defendants") is appropriate because the Defaulting Defendants have failed to respond to the Complaint and failed to appear at the February 5, 2026 hearing on the motion for default judgment. The Court also considers the *White* factors as outlined above. First, Plaintiff's claim is not for a sum as it seeks declaratory relief in the form of a judicially authorized sale of real property. *See* Compl. Second, the issues are not of substantial public importance, as the issue is a private mortgage dispute. Third, the default is not "largely technical" as the Defaulting Defendants received notice of the instant action, yet, they have chosen to ignore the proceedings in this case, "not merely missed a deadline by a few days." *White*, 618 F. Supp. 2d at 506. Fourth, Plaintiff has been substantially prejudiced by the delay because it has prolonged the time Plaintiff spent waiting to declare its rights. Fifth, the factual and procedural history clearly establish the grounds for default as Defendant has neglected to appear. Sixth, the effect of the judgment is not harsh, considering Yolanda Brown, a defendant and the sole heir of Willie James Brown, Jr., has received multiple notices of these proceedings, had an opportunity to be heard at the motions hearing, and deliberately chose to not appear. Finally, there is no indication that Defendant's good-faith mistake or excusable neglect caused the default. Consequently, Defendant has forfeited any claims to the real property at issue in this case.

Therefore, if Plaintiff establishes that the sufficiency of its claim, then the Court will find that granting default judgment against Defendant is appropriate. *See* Restatement (Second) of Judgments § 33 (1982) (stating "a court should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief."). The Court has evaluated the claim and finds that it states a valid

4

cause of action. As alleged, the Estate of Willie James Brown, Jr. and Yolanda Brown, his heir, have defaulted on their purchase-money mortgage to Plaintiff Planet Home Lending. ECF No. 1. Further, multiple mortgagees hold security interests in the real property at issue. *Id.* And Plaintiff's Complaint requests a judicial sale because one of the liens on the property is held by the United States and "a non-judicial sale cannot and does not clear title to [the] real property against which liens are held by the United States." *Id.* These allegations are sufficient to establish a cause of action and, thus, to grant a default judgment against the Defaulting Defendants.

The time to file a responsive pleading has long passed. Despite proper service of the Complaint, the Defaulting Defendants have made no contact with opposing counsel, and they have otherwise shown no indication of engagement in the dispute. Further, the Clerk of Court has previously entered default against them. Consequently, the Court finds that the Defaulting Defendants have forfeited any claim to the real property at issue. Therefore, the grant of default judgment against the Defaulting Defendants is appropriate.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Default Judgment is **GRANTED**. The Court **ENTERS** a default judgment against the Estate of Willie Brown and Yolanda Brown.

**IT IS SO ORDERED.**

Norfolk, Virginia
February *11*, 2026

/s/
Raymond A. Jackson
United States District Judge

5